Filed 10/28/14  P. v. Kenville CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM PAUL KENVILLE,<br><br>     Defendant and Appellant. | H039418<br>(Santa Clara County<br>Super. Ct. No. F1241773) |

Defendant William Paul Kenville pleaded nolo contendere to possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (c)) and transportation and distribution of marijuana (*id*., § 11360, subd. (a)).  The trial court placed him on probation for a period of three years, subject to various terms and conditions.  He was also ordered to pay certain fines and fees.  On appeal, defendant argues reversal is necessary, because the court failed to specify the base amount of the drug program fee and did not state the statutory bases for the fee and penalty assessments.  He also argues one of his probation conditions is unconstitutionally vague due to its lack of a knowledge requirement.

We reverse the order granting probation and remand to the trial court so that it may specify the amount of the drug program fee and penalty assessment and separately state the appropriate statutory bases for each.

## PROCEDURAL BACKGROUND[1]

On February 22, 2012, a complaint was filed charging defendant with possession of marijuana for sale (Health & Saf. Code, § 11359; count 1) and transportation and distribution of marijuana (*id*., § 11360, subd. (a); count 2). On November 5, 2012, count 1 was amended to possession of more than 28.5 grams of marijuana (*id*., § 11357, subd. (c)). Defendant pleaded nolo contendere to both charges.

On January 28, 2013, the trial court suspended imposition of sentence and placed defendant on probation for a period of three years.[2] Based on a negotiated disposition, defendant was ordered to serve one year in county jail, with 11 months suspended and the remaining 30 days to be completed at a sheriff's weekend work program. The court also imposed various conditions of probation, including that defendant was "not to possess or use illegal drugs or illegal controlled substances or go anywhere that he knows that illegal drugs or non prescribed controlled substances are used or sold." Defendant was ordered to pay various fines and fees, including a "drug program fee plus a $450.00, penalty assessment."

Defendant filed a timely notice of appeal.

## DISCUSSION

### 1. *Drug Program Fee*

Defendant argues reversal is necessary, because the court failed to state the exact amount imposed for the drug program fee and did not specify the statutory bases for the fee and its applicable penalty assessments. We agree.

---

[1] The circumstances of defendant's offense are not relevant to the issues raised on appeal. We therefore dispense with a recitation of the facts and provide only a brief summary of the relevant procedural history.

[2] Earlier, defendant filed a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. A hearing was held on December 19, 2012, and the motion was denied.

**Failure to State Base Amount of Drug Program Fee**

During the sentencing hearing, the trial court did not specify the amount of the drug program fee to be imposed. The court merely stated that it was ordering defendant to pay a "drug program fee plus a $450.00, penalty assessment."[3] However, the sentencing minute order reflects a $150 drug program fee plus an additional $450 in penalty assessments. Defendant argues the $150 drug program fee was entered in error.

It is well settled that when there is a discrepancy between the oral pronouncement of a sentence and the minute order or the abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Here the oral pronouncement indicated the trial court intended to impose a drug program fee. However, the court did not specify the amount of the fee. Therefore, the $150 drug program fee in the minute order was entered in error. "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387.) Although the probation report recommended a $150 drug program fee, the court did not reference the report during the sentencing hearing and did not express it was adopting the report's recommendations.

The People argue the issue has been forfeited on appeal, because defendant did not object at the sentencing hearing. We disagree; the minute order's erroneous addition of the $150 drug program fee is a clerical error that may be corrected at any time. (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.)

There is also no merit to the People's assertion that a remand would be futile, because defendant's waiver of rights contained an advisement that the court could impose

---

[3] Health and Safety Code section 11372.7, subdivision (a) provides that every person who is convicted of a drug-related offense "shall pay a drug program fee in an amount not to exceed one hundred fifty dollars ($150) for each separate offense." The drug program fee is subject to various mandatory penalty assessments. (See *People v. Sierra* (1995) 37 Cal.App.4th 1690, 1696.)

a drug program fee of $150 plus a 300 percent penalty assessment. While this advisement may have put defendant on notice that he *could* face a $150 drug program fee and a 300 percent penalty assessment, there is nothing to indicate defendant was told he would definitively be subject to a $150 fee. Pursuant to Health and Safety Code section 11372.7, subdivision (a), defendant was subject to a fee *not to exceed* the $150 maximum. The court could have exercised its discretion to impose a lesser amount. Without an oral pronouncement on the record, we cannot conclusively find the court intended to impose a $150 drug program fee.

We also cannot accept the People's argument that we can infer from the court's pronouncement of a $450 penalty assessment that it intended to impose a $150 base fee. During the sentencing hearing, the court did not state that the $450 penalty assessment was calculated as 300 percent of the base fee. Neither is this indicated in the sentencing minute order.

Therefore, we must reverse and remand to the trial court so that it may clearly state on the record the specific amount of the drug program fee to be imposed.

### Failure to State Statutory Bases for Fines, Fees, and Penalty Assessments

When imposing the drug program fee, the court stated defendant would be subject to a "drug program fee plus a $450, penalty assessment." The sentencing minute order reflects a $450 penalty assessment but does not set forth the statutory bases. The court also did not reference a statutory basis for the base "drug program fee" or the penalty assessments during the sentencing hearing. Defendant argues remand is necessary due to the court's failure to specify the applicable statutory bases for the fee and the penalty assessments, and we agree.

As recognized in *People v. High* (2004) 119 Cal.App.4th 1192, 1200, "[a]lthough . . . a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the

4

abstract of judgment."  "A trial court could recite the amount and statutory basis for any base fine and the amounts and statutory bases for any penalty assessments on the record . . . . Or, in cases where the amounts and statutory bases for the penalty assessments have been set forth in a probation report, a sentencing memorandum, or some other writing, the court could state the amount and the statutory basis for the base fine and make a shorthand reference in its oral pronouncement to 'penalty assessments as set forth in the' probation report, memorandum, or writing as authorized in [*People v. Sharret* (2011) 191 Cal.App.4th 859] and [*People v. Voit* (2011) 200 Cal.App.4th 1353]."  (*People v. Hamed* (2013) 221 Cal.App.4th 928, 939-940.)

As we previously noted, the court's oral pronouncement and minute order do not provide statutory bases for the drug program fee and the applicable penalty assessments. Although the probation report stated it was recommending a "$150 Drug Program Fee, plus penalty assessment, be imposed pursuant to Section 11372.7 of the Health and Safety Code," the report does not provide a statutory bases for the penalty assessment. Additionally, the probation report does not contain an itemization of the penalty assessments.  Even if it had, the court did not reference the probation report in its oral pronouncement.

Therefore, reversal is necessary so the court may specify the appropriate statutory bases for the drug program fee and the applicable penalty assessments.

2. *Probation Condition*

Next, defendant challenges one of his probation conditions on constitutional grounds.  He claims the condition that states he "is not to possess or use illegal drugs or illegal controlled substances or go anywhere that he knows that illegal drugs or non prescribed controlled substances are used or sold" should be modified to include an express knowledge requirement.  We conclude no modification is required.

5

"A Court of Appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.) Our review of such a question is de novo." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1345.)

Defendant acknowledges this court decided a similar issue in *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*). In *Rodriguez*, the challenged condition stated in pertinent part: " 'Not use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician . . . .' " (*Id.* at p. 592.) The *Rodriguez* defendant argued the condition required modification because it lacked a scienter requirement. (*Id.* at p. 593.) This court concluded modification was unnecessary, because a scienter element was "reasonably implicit" in the condition. (*Ibid.*) We acknowledged that "Division 10 of the Health and Safety Code is the California Uniform Controlled Substances Act. (Health & Saf. Code, § 11000 et seq.) Case law has construed these statutes as including implicit knowledge elements. '[A]lthough criminal statutes prohibiting the possession, transportation, or sale of a controlled substance do not expressly contain an element that the accused be aware of the character of the controlled substance at issue ([Health & Saf. Code,] §§ 11350-11352, 11357-11360, 11377-11379), such a requirement has been implied by the courts.' " (*Ibid.*)

Following the reasoning set forth in *Rodriguez*, we conclude it "is implicit . . . that possession of a controlled substance involves the mental elements of knowing of its presence and of its nature as a restricted substance." (*Rodriguez, supra*, 222 Cal.App.4th at p. 593.) Therefore, the condition prohibiting defendant from using or possessing

6

illegal controlled substances or drugs does not require modification to render it constitutional.[4]

## DISPOSITION

The order granting probation is reversed. On remand, the trial court is directed to separately state the drug program fee and penalty assessments and specify the appropriate statutory bases for each. The clerk is directed to prepare an amended minute order that sets forth the amount of and statutory bases for the drug program fee and penalty assessments.

---

[4] Defendant acknowledges the holding in *Rodriguez* but argues it was wrongly decided and requests we reconsider the decision. We decline to do so.

_____
                          Premo, J.

WE CONCUR:


_____
        Rushing, P.J.


_____
        Elia, J.